IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUE21, INC., | ) | |
|---|---|---|
| Appellant, | ) | |
| vs. | ) | 18-CV-715 |
| LOS LUNAS INVESTORS, LLC., | ) | |
| Appellee. | ) | |

AMBROSE, United States Senior District Judge

## OPINION
## AND
## ORDER OF COURT

Pending before the Court are cross appeals from the May 3, 2018 Bankruptcy Court order granting in part and denying in part Appellee's Limited Objection to Cure Amount and Reservation of Rights. (ECF No. 11-1). Both parties have filed briefs in support of their positions. (ECF Nos. 10, 14, 17 and 19). After careful consideration of the submissions of the parties, the record and the law, and based on my Opinion set forth below, I am affirming in part and reversing in part the May 3, 2018 order of the Bankruptcy Court.

## I. JURISDICTION AND STANDARD OF REVIEW

This appeal arises from the order ("Order") entered by the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court") on May 3, 2018. (ECF No. 11-1). The Bankruptcy Court had jurisdiction to enter the Order pursuant to 28 U.S.C. §157(a), 157(b)(1), and 1334. Pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), rue21, inc. ("Appellant") filed a Notice of Appeal on May 17, 2018. (ECF No. 1). Los Lunas Investors, LLC. ("Appellee-Landlord") filed a cross appeal on May 31, 2018. (ECF No. 2). This Court has jurisdiction over the appeal pursuant to 28 U.S.C. §158 and Bankruptcy Rules 8001, *et seq.*

When a district court reviews a decision of a bankruptcy court, it reviews the findings of fact for clear error and it reviews legal conclusions *de novo*. *Official Comm. of Unsecured Creditors of J. Allan Steel Co. v. Nucor-Yamato Steel Co.,* 336 B.R. 226, 228–29 (W.D. Pa. 2005), *citing In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3d Cir. 1989). Mixed questions of fact and law must be broken down and reviewed under the applicable standard. *First Jersey Nat'l Bank v. Brown,* 951 F.2d 564, 567 (3d Cir. 1991). In sum, the Court should "apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts*." In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

## II.  BACKGROUND

The basic facts are not in dispute. Appellant, rue 21, inc., is a fashion retailer of apparel and accessories. On March 11, 2015, Appellee-Landlord, Los Lunas Investors, LLC., provided to Appellant-tenant a signed letter of intent ("LOI") with terms that the Appellee would accept in a lease. On February 1, 2016, the Appellee-Landlord and the Appellant entered into a lease agreement ("Lease") under which Appellant would lease from Appellee-Landlord a commercial retail space - store number 1488 located at Los Cerritos and State Highway 6, Los Lunas, New Mexico 87031 ("Store"). According to Lease §§1.10 and 2.4, Appellee-Landlord was required to deliver to the Appellant sole and exclusive possession of the Store on or before July 10, 2016 ("Target Delivery Date").

Appellee-Landlord delivered sole and exclusive possession of the Store to the Appellant on September 29, 2016, eighty-four days after the Target Delivery Date. On October 11, 2016, the Appellant advised the Appellee-Landlord that pursuant to §2.4(v) of the Lease, the Appellant would apply seven-hundred and fifty-five (755) days of credits in the aggregate amount of $191,415.41 to the first payments of minimum rent and other charges for the late delivery. Section 2.4(v) addresses the agreed upon measure of damages of late delivery of the Store and provides, in pertinent part, as follows:

2

(v) Landlord shall have delivered to Tenant the Notice of Completion set forth in Section 3.2.A. below.

Tenant shall receive five (5) days of abatement of Minimum Rent and Other Charges due under the Lease (the "Late Delivery Credit") for each day that the Actual Delivery Date is delayed past the Target Delivery Date. If the Actual Delivery Date is not delivered to Tenant within fifteen (15) days after the Target Delivery Date, then beginning with the sixteenth (16th) day after the Target Delivery Date and continuing from each day of delay thereafter, the Late Delivery Credit shall increase to ten (10) days of abatement of Minimum Rent and Other Charges for each day of delay. Landlord acknowledges that Tenant shall incur substantial damages in an amount which will be difficult to ascertain if Landlord fails to deliver possession of the Leased Premises to Tenant in the condition required hereunder on or before the Target Delivery Date, and that the Late Delivery Credit represents a reasonable estimate of such damages and will not constitute a penalty.

(ECF No. 11-6, p. 8, Lease §2.4(v) ("Liquidated Damages Provision")).

On May 15, 2017, the Appellant filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §101, *et seq.* ("Bankruptcy Code"). On August 7, 2017, the Appellant filed a notice of assumed executory contracts and unexpired leases advising of its intent to assume, *inter alia,* the Lease. The Appellant proposed a cure amount of $15,673.00 in full satisfaction of any defaults under the Lease. On August 21, 2017, the Appellee-Landlord objected to the assumption of the Lease to the extent that the Appellant proposed that payment of $15,673.00 satisfied all pre and post-petition defaults on the basis that the Liquidated Damages Provision of the Lease was unenforceable. The Chapter 11 plan was confirmed on September 8, 2017, and it became effective on September 22, 2017.

On September 26, 2017, the Appellee-Landlord filed a Limited Objection to the Appellant's proposed cure amount and Reservation of Rights with the Bankruptcy Court ("Cure Objection"), in which the Appellee-Landlord asserts the Liquidated Damages Provision of the Lease is unenforceable such that the Appellant is not entitled to any credit for the late delivery of the Store and proposed a cure amount of $81,755.06 ($54,604.53 for Minimum Rent and Other Amounts due as of the petition date plus $27,150.53 for Minimum Rent and Other Amounts due and owing through September 1, 2017). On April 25, 2018, the Appellant filed a response and the Appellee-Landlord filed a reply thereafter.

On May 2, 2018, the Bankruptcy Court heard oral argument on the Cure Objection. (ECF No. 11-15). On May 3, 2018, the Bankruptcy Court entered an order granting in part and denying in part the Cure Objection and, in pertinent part, provided as follows:

> 2. For purpose of determining the cure amount required to assume the Lease under 11 U.S.C. §365, the liquidated-damages clause in section 2.4 of the Lease [Ex. A, Dkt. No. 1502-1] is deemed enforceable to the extent it affords five (5) days of abatement of Minimum Rent and Other Charges due under the Lease for each day that the Actual Delivery Date is delayed past the Target Delivery Date. Any additional increase in the Late Delivery Credit is deemed unenforceable.

(ECF No. 11-1, pp. 2-3). The May 3, 2018 Order is the subject of the appeal at issue.

### III. APPLICABLE LAW

All parties agree that pursuant to §20.12 of the Lease, New Mexico law governs. (ECF No. 11-6, p. 29).

### IV. DISCUSSION

#### A. Summary of Arguments on Appeal

On appeal, Appellant argues: 1) The Bankruptcy Court improperly denied the Appellant liquidated damages, and 2) The Bankruptcy Court erred by fashioning relief that is inconsistent with the parties' request. On cross-appeal, Appellee-Landlord argues: 1) The Bankruptcy Court improperly found that the burden of proof to challenge the liquidated damages clause fell on Appellee-Landlord, and 2) The Liquidated Damages Provision as a whole was improper and must be stricken. (ECF Nos. 10, 14, 17, 19). Because the issues overlap, I will consider them together.

##### 1. General Enforceability of Liquidated Damages Clauses and Burden of Proof

Black's Law Dictionary (10th ed. 2014) defines a liquidated damages clause as "[a] contractual provision that determines in advance the measure of damages if a party breaches the agreement." Liquidated damages clauses fix the amount of recovery in the event of a breach such that the injured party can recover that amount, no more (if actual damages are higher) and no less (if the actual damages are less). *Gruschus v. C.R. Davis Contracting Co.,* 409 P.2d 500, 504 (N.M. 1965). Under New Mexico law, liquidated damages clauses generally are enforceable.

4

*Gruschus,* 409 P.2d at 504 ("There would seem to be no sound reason why persons competent and free to contract may not agree on the amount of liquidated damages for failure to complete a contract within a specified time…or why their agreement in this respect, when fairly and understandingly entered into, with a view to just compensation for an anticipated loss, should not be enforced."); *In re Market. Crt. E. Retail Prop., Inc.,* 433 B.R. 335, 359 (Bkr. D.N.M. 2010) (quoting, Richard A. Lord, 24 Williston on Contracts §65:1 (4th ed.)) ("Under the fundamental principle of freedom of contract, the parties to a contract have a broad right to stipulate in their agreement the amount of damages recoverable in the event of a breach…."). Furthermore, pursuant to New Mexico law, "enforcement of such clause will only be denied when the stipulated amount is so extravagant or disproportionate as to show fraud, mistake or oppression." *Gruschus,* 409 P.2d at 504.

The first issue is who bears the burden of proof under New Mexico law, the party seeking to invalidate the provision or the party seeking to enforce the provision. Based on *Gruschus* and its rationale*, Fort Knox Self Storage, Inc. v. Western Technologies, Inc.,* 142 P.3d 1, (N.M. Ct. App. 2006), and the basic tenets of contract law, the Bankruptcy Court placed the burden on Appellee-Landlord. (ECF No. 11-15, p. 52). Appellee-Landlord suggests the Bankruptcy Court erred in placing the burden on it because the Court failed to evaluate the factors relevant when predicting an issue of state law. (ECF No. 14, pp. 17-20; No. 19, pp. 4-5). Specifically, Appellee-Landlord suggests that the Bankruptcy Court should have looked to the state law of Oklahoma, Arkansas, Maine and Tennessee. *Id.* There is no foundation for Appellee-Landlord's assertion that the Bankruptcy Court should look to any other particular state law when the Supreme Court of the state at issue has placed the burden on the party seeking to invalidate the liquidated damages provision. By application, the Supreme Court of New Mexico has held that the burden of proof lies with the party seeking to invalidate the provision. *See, Gruschus*, 409 P.2d at 504 ("Since there was no evidence that the amount of the liquidated damages was an unreasonable estimate at the time the subcontract was made, we think the trial court erred in not applying the

5

liquidated damages clause."). Thus, under New Mexico law and the basic tenets of contract law as set forth above, Appellee-Landlord has the burden to prove that the Liquidated Damages Provision was unenforceable. *Gruschus*, 409 P.2d at 504. Therefore, I find the Bankruptcy Court did not err in placing the burden on Appellee-Landlord and holding that the Liquidated Damages Provision in this case is enforceable, unless proved otherwise by Appellee-Landlord.

## 2. Enforceability of the Liquidated Damages Provision

With regard to liquidated damages clauses, the New Mexico Supreme Court has stated that, generally, the "enforcement of such a clause will only be denied when the stipulated amount is so extravagant or disproportionate as to show fraud, mistake or oppression." *Gruschus,* 409 P.2d at 504. The Appellee-Landlord suggests that the Bankruptcy Court erred in burdening it to prove actual fraud, mistake, or oppression. (ECF No. 19, pp. 5-6). This argument is not persuasive. The Bankruptcy Court stated that it was following *Gruschus*. (ECF No. 11-15, pp. 53-54, *citing Gruschus,* 409 P.2d at 504). Thus, the Bankruptcy Court did not require Appellee-Landlord to show actual fraud, mistake or oppression. Rather, to prove the Liquidated Damages Provision is unenforceable, the Bankruptcy Court properly charged Appellee-Landlord with the burden of showing the agreed upon amount is so extravagant or disproportionate as to show fraud, mistake or oppression. Thus, I find no error in this regard.

In applying this standard, the Bankruptcy Court made specific findings regarding the same. In particular, it found that there was no proof or allegation of fraud and no proof of oppression. *Id.* at p. 54. Moreover, the Bankruptcy Court found Appellee-Landlord failed to prove a mistake given the fact that the liquidated damages clause remained the same in both the LOI and the Lease which was ultimately signed almost one year later. *Id.* at p. 54. Upon review, I find no error as to these findings.

The Bankruptcy Court specifically found no evidence that the damages are "grossly disproportionate" because the amount of damages was based on a credit for each day regardless of the extent of the breach, which was in the control of Appellee-Landlord. *Id.* at pp. 54-55. The

6

Bankruptcy Court additionally could not find "a large disparity between the actual damages and the liquidated damages as it pertains to what is perceived to be in Section 2.4." *Id.* at pp. 55-56. Appellee-Landlord attempts to argue that the liquidated damages clause was extravagant and/or disproportionate "on its face" because the application of the clause translates into over twenty-five months' worth of rent abatement for a delivery that was three months late. (ECF No. 14, p. 23). While the calculation of damages may equal twenty-five months' worth of rent credit, that comparison is irrelevant because the calculation at issue is tied to the loss which might reasonably have been anticipated at the time the Lease was signed. *Gruschus,* 409 P.2d at 504. In other words, it is an estimation of anticipated damages incurred by Appellant for failure of Appellee-Landlord to deliver the property on time, not how much that figure eventually equals in terms of rent, as Appellee-Landlord suggests. *Id.* Thus, I am not persuaded by this argument.

Appellee-Landlord also argues that the Liquidated Damages Provision is unenforceable because, at the time of the signing of the Lease, "it was not difficult or impossible for Rue21 (sic) to make an accurate estimation of their damages" since it operated numerous stores with at least two in New Mexico and because "[t]he typical late delivery credit in retail leases in New Mexico is a maximum of 2 days' credit for each day or delay during an initial period (generally 30 days) and 3 days of credit for each day of delay thereafter." (ECF No. 14, p. 22-23; No. 19, pp. 6-8). The simple fact that a store is in operation does tend to prove that it was able to make an accurate estimation of the damages for late delivery without great difficulty. Furthermore, statements by counsel are not evidence, and even if they are properly considered as evidence, Appellee-Landlord provides no evidence that it attempted to negotiate for the "typical" liquidated damages after the LOI and before the signing of the Lease. As a result, I am not convinced by these summary conclusions.

Based on the above, the Bankruptcy Court held that Appellee-Landlord "has not sustained its burden of proof with evidence that the language in its totality in Section 2.4 is extravagant or disproportionate as a whole." (ECF No. 11-15, p. 53). Upon review, I find no error as to these

7

findings and similarly conclude that the Appellee-Landlord has failed to sustain its burden that §2.4(v) is extravagant or disproportionate. Thus, the straightforward application of the standard set forth in *Gruschus* compels the conclusion that the Liquidated Damages Provision is enforceable.

Instead of ending the inquiry there, however, the Bankruptcy Court went on to decide whether §2.4(v) was a compensation for a breach or a penalty. (ECF No. 11-15, p. 56). I find no support under New Mexico law for making this specific separate and independent inquiry. The unambiguous test set forth in *Gruschus* holds that liquidated damages clauses are enforceable unless "the stipulated amount is so extravagant or disproportionate as to show fraud, mistake or oppression." *Gruschus,* 409 P.2d at 504. This is the standard that the Supreme Court of New Mexico applies in determining the enforceability of liquidated damages. *Id.*

In considering whether §2.4(v) was a penalty, the Bankruptcy Court parsed out the language of §2.4(v) and found that the portion of the liquidated damages provision as it relates to a delay of up to 15 days is a "reasonable attempt by the parties to agree to a sum certain for the damages that would exist if the premises were not timely delivered" and is not a punishment. (ECF No. 11-15, pp. 57-59). As to the provision that relates to a delay of 16 days or more, the Bankruptcy Court stated "that there is nothing further in my record that suggests why the damages calculus would shift after the 15th day….And that is problematic because…it would seem to suggest that it is indeed a penalty." (ECF No. 11-15, p. 58). Thus, the Bankruptcy Court deemed that portion to be "unenforceable for the purposes of calculating the cure amount." *Id.* at 59. Based on the same, the Bankruptcy Court ordered a modification of the Liquidated Damages Provision.

> So, on that basis, I am going to find that Section 2.4 is enforceable as modified, but only to the extent of the five days of abatement. That second sentence that I have referred to would be stricken. And so the amount of the rent abatement calculation, from the Court's perspective, would be 84 days of delay, times five days of rent abatement or 420 days of credit.

(ECF No. 11-15, p. 59). In the written order the next day, relying on the reasons set forth at the hearing, the Bankruptcy Court:

> [D]eemed [the liquidated damages clause] enforceable to the extent it affords five (5) days of abatement of Minimum Rent and Other Charges due under the Lease for each day that the Actual Delivery Date is delayed past the Target Delivery Date. Any additional increase in the late Delivery Credit is deemed unenforceable.

(ECF No. 11-1, ¶2).

Assuming the Bankruptcy Court appropriately considered this last requirement of penalty separate and apart from the "so extravagant and disproportionate" test, the Bankruptcy Court erred in its analysis. First, as Appellant argues, holding that evidence was required to change in the calculus from day 15 to day 16 and beyond improperly shifts the burden back to Appellant to prove reasonableness. (ECF No. 10, pp. 14-17). While I note that the Bankruptcy Court specifically stated that it is "not the debtor's burden of proof to establish the level of reasonableness" (ECF No. 11-15, p. 57), that is exactly what it did when it said: "I think the case law suggests that you [Appellant] have to show that you're somewhere in the ballpark." (ECF No. 11-15, p. 32). Thus, I find there was an improper shifting of burden to the Appellant to show reasonableness.

Furthermore, the conclusion that an escalation in damages after a fixed period of time is somehow punitive is speculative at best, based on no evidence, and is specifically contradicted by Appellee-Landlord's argument that it is the norm in New Mexico to provide for the same in retail leases. As Appellee-Landlord provides, "[t]he typical late delivery credit in retail leases New Mexico is a maximum of 2 days' credit for each day or delay during an initial period (generally 30 days) and 3 days of credit for each day of delay thereafter" without suggesting any change in calculus (ECF No. 14, p. 24; No. 19, pp. 6-8). Consequently, I find that even in the event the Bankruptcy Court properly considered the additional issue of penalty (as a separate and distinct requirement from so extravagant and disproportionate), the Bankruptcy Court erred in placing the burden on Appellant to provide evidence that a change in calculus from day 15 to day 16 is not

9

indicative of a penalty. The burden to show that the Liquidated Damages Provision was unenforceable because it was "so extravagant or disproportionate" lies, at all times, with Appellee-Landlord.

Finally, I find no support in case law for bifurcating and parsing the language of §2.4(v) of the Liquidated Damages Provision as the Bankruptcy Court did here. Effectively, the Bankruptcy Court completely rewrote the Liquidated Damages Provision. It is well-established contract law that courts will not rewrite a contract for the parties. *Christmas v. Cimarron Realty Co.,* 648 P.2d 788, 790 (N.M. 1982); *Brown v. Am. Bank of Commerce,* 441 P.2d 751, 755 (N.M. 1968). The ultimate question is whether §2.4(v) is enforceable or unenforceable. In fact, the parties agree that this determination is an all or nothing proposition. (ECF Nos. 11-15, pp. 25, 38; No. 10, pp. 17-18; No. 14, pp. 20-25). I find that by modifying the terms as it did, the Bankruptcy Court improperly rewrote the terms of the Liquidated Damages Provision of the Lease.

The Bankruptcy Court's determination should have ended after it held that the Appellee-Landlord failed to meet "its burden of proof with evidence that the language in its totality in Section 2.4 is extravagant or disproportionate as a whole." (ECF No. 11-15, p. 53). At that point, the Bankruptcy Court should have entered an order enforcing the Liquidated Damages Provision. Therefore, I find the Bankruptcy Court erred in failing to enforce the Liquidated Damages Provision as written.

Accordingly, I affirm the Bankruptcy Court's May 3, 2018 Order, to the extent that it holds §2.4(v) of the Lease is enforceable and reverse to the extent the Order deems the "additional increase in the Late Delivery Credit" unenforceable. I am remanding this matter to the Bankruptcy Court with the direction to deny the Limited Objection to Cure Amount and Reservation of Rights by Appellee-Landlord consistent with this opinion.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUE21, INC., | ) | |
| Appellant, | ) ) ) | |
| vs. | ) | 18-CV-715 |
| LOS LUNAS INVESTORS, LLC., | ) ) ) | |
| Appellee. | ) | |

AMBROSE, United States Senior District Judge

**<u>ORDER OF COURT</u>**

AND now, this 27th day of March, 2019, the order of the Bankruptcy Court granting in part and denying in part the Limited Objection to Cure Amount and Reservation of Rights by Appellee-Landlord is affirmed in part, reversed in part and remanded consistent with the foregoing opinion.

BY THE COURT:

*/s/ Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge